IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEOFFREY CRAIG PICKENS, Gwinnett Cty. ID # 99083067, <br>    Plaintiff, | CIVIL ACTION NO. <br> 1:18-CV-00552-TWT-JSA |
| v. | |
| SHERIFF R. L. (BUTCH) CONWAY, Individual and Official Capacity, <br>    Defendant. | PRISONER CIVIL ACTION <br> 42 U.S.C. § 1983 |

### MAGISTRATE JUDGE'S NON-FINAL REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee at the Gwinnett County Detention Center ("GCDC"), has filed a civil rights complaint seeking a temporary restraining order ("TRO"). (Doc. 1). He has received leave to proceed *in forma pauperis*. (Doc. 3).

In his complaint, Plaintiff describes the overcrowding in his triple-bunked cell, which allegedly was causing him irreparable harm because he was unable to do the work necessary to represent himself *pro se* in his criminal proceedings. (Doc. 1 at 3-4). He sought a TRO to move the third bunk out of his cell and thereby force Defendant to comply with the law regarding the amount of unencumbered space each prisoner is required to have. (*Id.*).

Sheriff Conway responds that Plaintiff's motion for a TRO is now moot because he has been moved into a two-bunk cell and will not be moved back into a three-bunk cell for the remainder of his detention at the GCDC. (Doc. 4; *see* Doc.

5 (Decl. of GCDC Captain Jon Spear) ¶¶ 4-5 ("At the time [Plaintiff] filed his lawsuit, he was housed in a triple-bunked . . . unit.  However, he is now housed in a different area: 4S-Cell 706B.  This cell is not triple-bunked.  For the duration of [his] stay at the jail, he will not be housed in a triple-bunked cell.  Appropriate notations have been made in the 'Jail Management System' to ensure compliance with this order.")).

The Sheriff cites *Beta Upsilon Chi Upsilon Chapter at the Univ. of Fla. v. Machen*, 586 F.3d 908, 916-17 (11th Cir.2009), for the propositions that "voluntary cessation of an action by a government entity creates a rebuttable presumption that the action will not recur," and "[a] court should reject a mootness claim '*only* when there is a substantial likelihood that the offending policy will be reinstated if the suit is terminated.' " (Doc. 4 at 5); *see Machen*, 586 F.3d at 917 ("In cases where government policies have been challenged, the Supreme Court has held almost uniformly that voluntary cessation of the challenged behavior moots the claim.").

The Sheriff also argues that Plaintiff is not likely to succeed on the merits of his claim alleging an Eighth Amendment violation based on triple bunking because the Sheriff "is not aware of any Eleventh Circuit authority that triple-bunking of cells is by itself unconstitutional, and in fact, other Circuits have held that it is not per se unconstitutional."  (Doc. 4 at 6).

Plaintiff replies that although he is not now in a triple-bunked cell, there is no guarantee that he will not be placed in one later. He notes that there are indeed triple-bunked cells in his housing area. (Doc. 6 at 1-3). He characterizes the Sheriff's assurances that he will not be moved back into a triple-bunked cell as "a facade" to "avoid litigation in this case," and he urges the Court not to apply the "voluntary cessation" doctrine. (*Id.* at 3 (noting that he has already been moved 10 times during his GCDC detention)). He also argues that the limited amount of unencumbered space in a triple-bunked cell at the GCDC is most certainly a constitutional violation. (*Id.* at 3-4 (noting that as a pretrial detainee he is protected by the Fourteenth Amendment)).

The Sheriff responds:

> Plaintiff in his rebuttal points out that [] some cells in the tower where he is housed use triple-bunking. Sheriff Conway does not dispute this. However, the cell plaintiff is housed in, 4S-Cell 706(B), is not triple bunked. And plaintiff will not be housed in a triple-bunked cell for as long as he is at the [GCDC].

(Doc. 7 at 1-2).

Because it is undisputed that Plaintiff has been removed from a triple-bunked cell, and the Sheriff has stated that Plaintiff will not be returned to such a cell for the duration of his GCDC detention, the Court agrees with the Sheriff that Plaintiff's request for a TRO is now moot. *See Nat'l Ass'n of Bds. of Pharm. v. Bd. of Regents*, 633 F.3d 1297, 1310 (11th Cir. 2011) (noting that the Eleventh

Circuit has "consistently held that a challenge to [government conduct] that has been unambiguously terminated will be moot in the absence of some reasonable basis to believe that the [government conduct] will [resume] if the suit is terminated").

**IT IS THEREFORE RECOMMENDED** that Plaintiff's TRO request, contained within his complaint (Doc. 1), be **DENIED as moot**. The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation both to Plaintiff and to the Gwinnett County Sheriff.

**SO RECOMMENDED** this __28th__ day of __March__, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE